IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| PAUL E. MURR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10-CV-101 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claims for disability insurance and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. For the reasons provided herein, defendant's motion for summary judgment [doc. 19] will be granted, and plaintiff's motion for judgment on the pleadings [doc. 12] will be denied.

I.

*Procedural History*

Plaintiff was born in 1958. He filed his current application for benefits in May 2005, claiming to be disabled by pain in his back, hips, and right shoulder, and by

psychological limitations and medication side effects. [Tr. 68, 87, 133, 530].[1] He alleged a disability onset date of October 14, 2004. [Tr. 68, 530].[2] The applications were denied initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") in October 2007.

The following month, the ALJ issued a decision denying benefits. He concluded that plaintiff suffers from "degenerative disc disease of the cervical and lumbar spine and post-surgical right AC joint separation with mild degenerative changes," which are "severe" impairments but not equal, individually or combined, to any impairment listed by the Commissioner. [Tr. 19]. Plaintiff's subjective allegations of disability were viewed with great suspicion by the ALJ in light of "evidence showing a pattern of exaggerated pain behaviors" and "evidence of symptom exaggeration and malingering." [Tr. 18, 20]. The ALJ found plaintiff to have the residual functional capacity ("RFC") for the full range of light exertion. [Tr. 21]. Applying Rules 202.18 and 202.19 of the Commissioner's medical-vocational guidelines ("the grid"), *see* 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 202.18-19, the ALJ concluded that plaintiff is not entitled to benefits. [Tr. 21].[3]

---

[1] This is at least plaintiff's third application for benefits. Two prior appeals to this court were unsuccessful. *See* 2:05-CV-139 (Hull, J.); 2:97-CV-153 (Collier, C.J.).

[2] That date corresponds with the date of the most recent administrative denial. [Tr. 35-43].

[3] These findings and conclusions were consistent with those contained in the October 2004 administrative denial. [Tr. 35-43].

Plaintiff then sought, but was denied, review from the Commissioner's Appeals Council, not withstanding his submission of more than 80 pages of supplemental records. [Tr. 7, 10]. The ALJ's ruling therefore became the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 416.1481. Through his timely complaint, plaintiff has properly brought his case before this court for review. *See* 42 U.S.C. § 405(g).

II.

*Applicable Legal Standards*

This court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g)*; Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951)). In reviewing administrative decisions, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera*, 340 U.S. at 490.

A claimant is entitled to disability insurance payments if he (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application

3

for disability insurance benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1). "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).[4] Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

---

[4] A claimant is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. 42 U.S.C. § 1382. "Disability," for SSI purposes, is defined the same as under § 423. 42 U.S.C. § 1382c(a)(3).

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiffs bear the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *See id.*

III.

*Analysis*

Plaintiff raises numerous issues in support of reversal or remand. Any arguments not raised in his briefing are waived. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

A. Grid Rules 202.00 and 202.02

Plaintiff first argues that he "comes very close to being automatically entitled to a classification of 'disabled'" under the grid. He then cites grid Rules 202.00(d) and 202.02 for the proposition that he should have been found disabled on the facts of his particular case. Unfortunately, plaintiff misstates the relevance of each of those rules.

One component of "the grid" is the claimant's age. A person aged 18 to 49 is a "younger individual"; a person aged 50 to 54 is "approaching advanced age"; and a person aged 55 or older is "of advanced age." *See, e.g.,* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(f)-(h). Rules 202.18 and 202.19 pertain to "younger individuals" and were correctly relied upon by the ALJ in this case. Plaintiff was 45 years old on his alleged disability onset

5

date and he was 49 years old when the ALJ issued his decision.

Rule 202.02 directs a finding of "disabled" for persons of "advanced age." Plaintiff points out that he will be of "advanced age" on November 5, 2013. He does not develop this point further (nor, likely, could he), and the issue is waived. *United States v. Cole*, 359 F.3d 420, 428 n.13 (6th Cir. 2004) (citation omitted).

Plaintiff's quest for grace under Rule 202.00(d) fares no better. It is first noted that, under limited circumstances, that rule relaxes the grid for persons "closely approaching advanced age." However, plaintiff did not fall under that age category at any time when his claim was before the ALJ. Further, Rule 202.00(d) requires significant vocational limitation caused by "illiteracy or inability to communicate in English." Plaintiff cites no proof that he is illiterate *or* that he is unable to communicate in English. His 202.00(d) argument fails.

### B. 1995 Psychiatric Review Technique Form

Plaintiff next accuses the ALJ of "cherry picking" only that evidence which would support a denial of his claim. Plaintiff specifically criticizes the ALJ for not addressing a Psychiatric Review Technique Form completed by a nonexamining state agency source in 1995. [Tr. 275-78]. The preparer of that form opined that plaintiff satisfies several of the Commissioner's mental health listings. [Tr. 275]. Those conclusions were based at least in part on the preparer's diagnosis of "chronic alcoholism." [Tr. 277]. *But see* 42 U.S.C. § 423(d)(2)(C) ("An individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the

Commissioner's determination that the individual is disabled.").[5]

Notwithstanding the fact that a claimant can no longer be found disabled due to substance abuse, plaintiff's reliance on a 1995 form misses the mark. The issue of whether he was disabled prior to October 2004 has already been resolved in his prior claims, and not in his favor. Plaintiff's burden now is to show that circumstances have changed such as to render him disabled post-October 2004.

"Social Security claimants are bound by the principles of res judicata." *Drummond v. Comm'r of Soc. Sec.* 126 F.3d 837, 841 (6th Cir. 1997). Thus, when a claimant has been previously adjudicated "not disabled," he bears the burden of proving that his condition has worsened since the date of the prior decision such that he is no longer capable of engaging in substantial gainful activity. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1232-33 (6th Cir. 1993).

For these reasons, the 1995 Psychiatric Review Technique Form is irrelevant. There was no error.

### C. Nurse Practitioner Barger

Plaintiff next argues that the ALJ "virtually ignored the voluminous evidence" from the Mountain Home V.A. Medical Center ("Mountain Home"). [Doc. 13, p. 13-14]. However, plaintiff cites only one piece of that "voluminous evidence" that was allegedly ignored - a September 26, 2006 notation by nurse practitioner Shane Barger that, "It is hoped

---

[5] Plaintiff claims to have now "lost my taste for" his longstanding consumption of up to 24-36 beers per day. [Tr. 167, 292, 357, 475].

that this condition [degenerative disc disease, leg pain, and weakness] can be treated, but often this is a lifelong disease and can only be managed for pain control and home safety." [Tr. 473]. All other issues pertaining to the alleged "voluminous evidence" are waived.

> Hollon suggests that the ALJ failed to give proper deference to the opinions of [the] treating physicians. As the Commissioner points out in response, however, Hollon has failed to cite any specific opinion that the ALJ purportedly disregarded or discounted, much less suggest how such an opinion might be impermissibly inconsistent with the ALJ's findings. In the absence of any such focused challenge, we decline to broadly scrutinize any and all treating physician opinions in the record to ensure that they are properly accounted for in the ALJ's decision.

*Hollon*, 447 F.3d at 491 (footnote omitted). Further, as will be discussed below, the ALJ did not ignore the records of Mountain Home.

As for the cited statement of nurse practitioner Barger, it contains no opinion - let alone a well-supported opinion - regarding the specific ways in which plaintiff's alleged condition would limit his ability to work. Instead, the statement is merely a broad and cursory comment on degenerative disc disease *in general*. It adds nothing to the objective evidence of record *regarding the instant claimant*.

There was no error in the ALJ's decision not to discuss Mr. Barger's general statement. Even if there were error, the error would be harmless. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (Harmless error may be found where a cited opinion is so lacking that no reasonable fact-finder could have credited it.).

8

## D. Plaintiff's Alleged Impairments in Combination

Plaintiff next

> urges this Honorable Court to evaluate his case not only by considering the combined effect of his multitude of disabilities as a whole but also by giving particular attention to the combination of Listings 1.00 (Musculoskeletal System Disorders), 5.00 (Digestive System Disorders), 12.02 (Organic Mental Disorders); [sic] 12.03 (Paranoid Disorder); [sic] 12.04 (Affective Disorders), 12.06 (Anxiety Related Disorders, including PTSD), 12.07 (Somatoform Disorders; Physical symptoms for which there are not demonstrable organic findings or known physiological mechanisms), [and] 12.08 (Personality Disorders).

[Doc. 13, p. 14].

"[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed [argumentation], are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *United States v. Cole*, 359 F.3d 420, 428 n.13 (6th Cir. 2004) (citation omitted). Plaintiff's severely underdeveloped argument (asking the court to *sua sponte* create arguments on his behalf) is precisely the type of situation contemplated by *Cole*.

Moreover, the skeleton plaintiff presents to the court is not even in one piece. The listings sections cited above by plaintiff contain *numerous* sublistings. Where a claimant makes little to no effort to develop an argument on appeal, it is not the duty of the court "to formulate arguments on [his] behalf, or to undertake an open-ended review of the entirety of the administrative record . . . ." *Hollon*, 447 F.3d at 491.

9

E. Credibility

The next issue under fire is the ALJ's finding that "[t]he claimant's credibility is significantly diminished by evidence of symptom exaggeration and malingering." [Tr. 18]. Specifically, plaintiff contends that the ALJ did not sufficiently consider his many doctor visits, his medications, or his subjective complaints.

To the contrary, the ALJ did in fact expressly consider plaintiff's allegations and the medical record. [Tr. 16-18]. The ALJ discussed the numerous x-rays, MRIs, and examinations performed in 2003 and later, most of which generated no more than mild, minimal, normal, or "tiny" findings. [Tr. 16-17, 203, 208, 213, 334, 337, 358, 430-34, 469, 491, 501, 504, 517-18]. The ALJ discussed Dr. David McConnell's August 2005 consultative examination. [Tr. 17]. After physically examining plaintiff and reviewing "normal" x-rays of the shoulder and spine, Dr. McConnell opined that plaintiff is capable of performing work in excess of the light level of exertion. [Tr. 394-95].

The ALJ considered plaintiff's subjective allegations [Tr. 17] and did so in light of the consultative mental examinations performed by Dr. Roy Nevils and psychological examiner Alice Garland, M.S. [Tr. 17-18]. In July 2005, psychologist Nevils identified no "major problems," predicting only "some possible mild memory difficulties." [Tr. 389]. April 2007 test results from Ms. Garland indicated consistent exaggeration by plaintiff and were "inconsistent with his observed behavior," leading to the conclusion that "[t]here may

be secondary gain from taking on the 'sick role.'" [Tr. 475, 478-81].[6] Plaintiff's presentation was "suspect" and "preposterous," geared toward "present[ing] himself in an overly negative manner." [Tr. 479-80]. Ms. Garland deemed plaintiff capable of managing his own funds "[i]f [he] is not abusing alcohol." [Tr. 477]. Ms. Garland reported that she was unable to complete a Mental RFC Assessment due to apparent symptom exaggeration and malingering. [Tr. 483-84].

The ALJ also considered plaintiff's subjective allegations in light of "a pattern of exaggerated pain behaviors." [Tr. 19-20]. For example, on August 26, 2004, Mountain Home staff noted a steady gait but "[o]ver dramatic grimacing wheile [sic] in Exam Room," along with exaggerated guarding of the lumbar area. [Tr. 247]. That same day, Mountain Home staff wrote that plaintiff appeared to be in no distress when talking with other patients in the waiting area but exhibited "[e]xaggerated groaning and swaying gait when walking to Exam Room." [Tr. 251].

Having compared the subjective allegations with the objective record, the ALJ concluded that plaintiff remains capable of performing the full range of light work. [Tr. 21]. Applying grid Rules 202.18 and 202.19, the ALJ concluded that plaintiff is not disabled. [Tr. 21]. As noted by the ALJ, that determination was supported by substantial evidence in the

---

[6] The results of personality testing performed at Mountain Home in 2005 were also deemed invalid by that source "due to his over-responding on every psychological measure on the test." [Tr. 349]. The reviewing psychologist opined that "he is in such distress that his responses function as a 'cry for help,' or he perceives that it is important for others to know how much he is suffering." [Tr. 349].

11

form of the opinions of the consultative examiners and the state agency reviewing sources. [Tr. 19, 391-95, 413-19, 440-46, 474-84].

Under substantial evidence review, the ALJ did not err in concluding that plaintiff remains able to work. In light of the evidence discussed above, the ALJ also did not err in concluding that plaintiff's subjective complaints are overstated and unreliable. The ALJ considered the conflicts between plaintiff's subjective allegations and the objective record and then reached a conclusion. The substantial evidence standard of review permits that "zone of choice." *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

> [A]fter listening to what [plaintiff] said on the witness stand, observing his demeanor, and evaluating that testimony in light of what appears in the written medical records, the ALJ concluded, rightly or wrongly, that [plaintiff] was trying to make his symptoms and functional limitations sound more severe than they actually were. It is the ALJ's job to make precisely that kind of judgment. It is a difficult job, and the people who perform it sometimes err. Such errors are obviously difficult for a reviewing court to detect (the reviewing court not having seen the claimant in the flesh), and we will not normally substitute our impressions on the veracity of a witness for those of the trier of fact. ***We would be particularly reluctant to do so in this case, where there seem to be demonstrable discrepancies between what the claimant said on the stand and what the written record shows***.

*Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987) (emphasis added).

### F. Late-Submitted Evidence

Lastly, plaintiff argues that evidence [Tr. 545-631] he submitted *after* the ALJ's decision is favorable to his claim and should now be considered. A case can be remanded for further administrative proceedings where a claimant shows that late-submitted

evidence meets each prong of the "new, material, and good cause" standard of sentence six, 42 U.S.C. § 405(g). The present plaintiff, however, has made no effort to articulate how his evidence satisfies the three-pronged standard of sentence six, nor is that statute even referenced in his briefing to this court. The issue is accordingly waived, and plaintiff's late-submitted evidence [Tr. 545-631] has *not* been considered. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("Plaintiff has not only failed to make a showing of good cause, but also has failed to even cite this relevant section . . . .").

For the reasoning provided herein, the final decision of the Commissioner will be affirmed. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge